NORMAN ESLEY KIRK et al., Plaintiffs, v. WALTER E. DEUCHLER
ASSOCIATES, INC., et al., Defendants.—(UNITED STATES FIDELITY AND
GUARANTY COMPANY, Intervening Petitioner-Appellant, v. NORMAN
ESLEY KIRK, Respondent-Appellee.)

Second District   No. 80-508

Opinion filed May 6, 1981.—Rehearing denied June 11, 1981.

Roy Peregrine, of Peregrine, Stime, Newman & Ritzman, Ltd., of Wheaton, for appellant.

John M. Lamont and Charles F. Thompson, both of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether a recipient of workers' compensation benefits, who subsequently recovers a judgment from a third party, must account for accrued interest on the portion of the judgment recovered representing workers' compensation benefits from the date of the judgment to the employer or his workers' compensation insurance carrier is the question before us. The trial court ruled that the employee must pay back only the amount of the workers' compensation payment made to him without interest, and the employer and his carrier (the petitioner) have appealed.

Norman Kirk was injured in 1973 and received $51,519.19 in workers' compensation and medical expenses from his employer's insurance carrier, the petitioner United States Fidelity and Guaranty Company (USF&G). Kirk later recovered $250,000 in a third-party suit against Walter E. Deuchler Associates, Inc., and the Aurora Sanitary District, whose negligence was found to have caused the injuries. After this verdict was affirmed on appeal (*Kirk v. Walter E. Deuchler Associates, Inc.*

(1979), 79 Ill. App. 3d 416), USF&G as the insurer obligated to pay the $250,000 judgment in Kirk's favor against the Aurora Sanitary District filed a petition in the circuit court seeking to enforce its statutory lien on the proceeds of the third-party judgment. Petitioner sought reimbursement for the compensation benefits paid by it under section 5 of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5), plus interest on its share of the recovery from the date judgment was entered against the third-party tortfeasor. The trial court ordered reimbursement of the principal sum, less statutory deductions for costs and attorney's fees, but denied the claim for interest.

The petitioner argues that section 3 of the Interest Act provides for the award of interest on all judgments from the date of entry until the judgment is satisfied (Ill. Rev. Stat. 1979, ch. 74, par. 3); that interest is compensation by a debtor to his creditor "in recompense for his detention of a debt" (*Tracey v. Shanley* (1941), 311 Ill. App. 529, 535); that "the legislative philosophy behind the award of interest upon damages between verdict and judgment * * * is intended to make the plaintiff whole up to that point" (*Pinkstaff v. Penn Railroad Co.* (1964), 31 Ill. 2d 518, 525); that, here, the debt detained is $51,519.19 to which the petitioner claims an absolute right of recovery once the judgment determining the legal liability of the third party to pay damages has been entered; that it is unfair to permit plaintiff to retain interest on a fund to which he "has no independent claim."

The plaintiff, Kirk, however, maintains that the basis for recovery by the petitioner of the amount paid for workers' compensation claims is that provided under section 5(b) of the Workers' Compensation Act which provides generally that legal proceedings may be taken against a person other than the employer to pay the damages and "from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee * * *" and further providing "the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).

The employee argues that the statute merely creates a lien recoverable out of a special fund for the amount of the compensation paid (less certain deductions for a pro-rata share of expenses and attorney's fees); and that the statute providing the lien contains no provision for paying interest.

The issue appears to be of first impression in Illinois. We conclude that the language of section 5(b) of the Workers' Compensation Act supports the decision of the trial court.

Section 5(b) states that the employee need only pay back amounts received from the employer when a "judgment is obtained *and paid.*" (Emphasis added.) Since the employer's right to reimbursement only arises when the judgment is *paid*, he has no claim to interest on the judgment while it has not been satisfied. Under the literal wording of the statute the employer is only allowed recovery of the payments made, not interest as well.

The argument of USF&G based on fundamental fairness is not persuasive in view of the statutory enactment. There is nothing in the statute or the policies behind the Workers' Compensation Act to indicate that the legislature intended to allow employers interest in these situations.[1] The purpose of the Act is to provide compensation to accidentally injured employees. Compensation to an employee being the primary purpose, the Act also allows employers reimbursement rights where a third party is the actual tortfeasor. But the Act limits reimbursement to the amounts paid, payable only when a judgment against the third party has been satisfied.

If petitioner's argument were carried to its logical extreme it would be entitled to interest from the date of the workers' compensation award, not only from the date of the third-party judgment, since in its view the entire time the employee had use of the award he was earning interest rightfully belonging to the employer. The petitioner does not, of course, claim that he is entitled to interest from that date.

We conclude that if interest is to be allowed on the portion of a workers' compensation payment which is recovered from a third party the legislature should clearly state that the payer of workers' compensation benefits pays them only contingently and when they are recovered is entitled to them back together with interest. The legislature, however, has merely provided that the employer or his carrier shall have a lien until a judgment is recovered against the third party and paid.

The judgment is therefore affirmed.

Affirmed.

LINDBERG and HOPF, JJ., concur.

---

[1] Our independent research has uncovered cases in other jurisdictions, not cited by either party, which interpreted the governing statutes to allow interest to the employer in similar circumstances. (*Becker v. Huss Co.* (1978), 43 N.Y.2d 527, 373 N.E.2d 1205; *Willis v. Stauffer Chemical Co.* (La. App. 1977), 349 So. 2d 1390.) We have examined the statutes interpreted by the courts in those cases and have found significant variations from Illinois law. In any event we do not consider them persuasive on the proper interpretation of our Act.