KENNETH L. CAMP, Plaintiff-Appellant, v. STAR ERECTION SERVICE, INC., *et al.*, Defendants (Middleton Associates, Inc., Third-Party Plaintiff and Counterplaintiff; HCI Heinz Construction, Inc., Third-Party Plaintiff and Counterdefendant; Star Erection Service, Inc., Counterdefendant and Counterplaintiff; Transamerica Insurance Company, Intervenor-Appellee).

Third District   No. 3—88—0523

Opinion filed June 8, 1989.—Rehearing denied September 1, 1989.

Jerome Mirza & Associates, Ltd., of Bloomington (David V. Dorris, of counsel), for appellant.

Prusak & Winne, Ltd., of Peoria (Nathan R. Miller, of counsel), for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Kenneth L. Camp, appeals the trial court's order finding the existence of a workers' compensation lien in favor of the intervenor-appellee, Transamerica Insurance Company (hereinafter Transamerica). Transamerica provided workers' compensation and general liability coverage to plaintiff's employer, HCI Heinz Construction Company (hereinafter Heinz).

The plaintiff was injured on August 25, 1981, when he fell off a ladder owned by Star Erection Service, Inc. (hereinafter Star), and was injured while employed by Heinz. Transamerica paid plaintiff workers' compensation benefits totaling $162,809.69.

The plaintiff filed suit against Star, which counterclaimed against Heinz for contribution which eventually resulted in a verdict of $456,000, plus $118.20 in costs. The jury determined that Star was 30% at fault and Heinz was 70%. Judgment was entered against Heinz for $319,200 plus $82.74 in costs and against Star for the remainder. The plaintiff received the balance from Star, which was then completely released from this suit. Heinz, through Transamerica, paid the plaintiff $157,869.83, plus $1,819.32 in interest.

Transamerica claimed a workers' compensation lien of $162,809.69 against the plaintiff, which equalled the amount of workers' compensation benefits it earlier paid the plaintiff. However, a $2,500 penalty was imposed against Heinz and was not recoverable. Therefore, Transamerica's recoverable amount was $160,309.69.

The plaintiff objected to the amount of this lien and claimed that Transamerica should not be entitled to receive the full amount of its lien; rather, the lien should be reduced to the relative proportion of fault assessed by the court (jury) in the earlier trial. The trial court found Transamerica was so entitled to the full amount of its lien and that amount should be set off against Heinz's portion of the judgment. The trial court further found that the plaintiff was not entitled to interest of the full amount of the judgment, but only upon that amount outstanding and due after partial satisfaction of the judgment and setoff.

The plaintiff raises three issues on appeal. First, he argues that his employer, Heinz, should be limited to the jury award for damages in recovering its workers' compensation lien. We disagree with plaintiff's first argument. It is undisputed that Transamerica's workers'

compensation lien was $160,309.69. The plaintiff claims this amount should be reduced to $106,000, which is 70% of the full recoverable lien.

■ The Workers' Compensation Act (hereinafter the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*) does not place any limitations or qualifications on the recovery of the workers' compensation lien on the employer. The Act provides, "from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee." (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).) The employer has a right to reimbursement of any recovery without regard to the type of damages the employee receives payment for in the third-party action. (*Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 195.) An employer who has paid compensation to an injured employee under the Act is entitled to be reimbursed from the entire third-party recovery by the employee.

■ Second, the plaintiff contends that the interest generated by the unsatisfied portion of the original judgment of $319,000 should be paid to him. We also disagree with this contention. An analogous situation occurred in *Emberton v. State Farm Mutual Auto Insurance Co.* (1980), 85 Ill. App. 3d 247, 406 N.E.2d 219, where the insurance company covered the employer's workers' compensation and general liability insurance. A tort judgment was rendered in favor of the employee in addition to workers' compensation benefits. The insurer was entitled to a refund of money paid, which was a setoff of the money the insurer previously paid as workers' compensation benefits.

Since the setoff was proper and allowed from the insurer in *Emberton* and from Transamerica in this case, only that portion of the judgment exceeding the workers' compensation lien would accrue interest. Therefore, the plaintiff was not entitled to interest on the full judgment of $319,000; rather, he was entitled to interest on $158,890.31, which is the difference between the workers' compensation lien and the total judgment. The trial court correctly ruled that the plaintiff was not entitled to any further interest with respect to any sum he accepted as partial satisfaction of the judgment.

■ Finally, the plaintiff claims the workers' compensation lien should be reduced by 70% because Heinz was found to be 70% at fault. We likewise disagree with this contention. Negligence on the part of the employer or employee does not affect the employee's workers' compensation award or the employer's workers' compensation lien. (*Carver v. Grossman* (1973), 55 Ill. 2d 507, 305 N.E.2d 161.) An employer, regardless of negligence, has a right to recover any

workers' compensation payments he has made to an injured employee. Negligence of either the employer or employee is not a factor in determining the value of the employer's workers' compensation lien. (*Kochan v. Arcade Electric Co.* (1987), 160 Ill. App. 3d 1, 512 N.E.2d 1295.) The trial court correctly held that Transamerica's workers' compensation lien should not be reduced.

Based on the foregoing, the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.