PETERSON, Judge.
Commercial Union Insurance Company (CUI) paid workers’ compensation benefits to Jamie Edward Fallen and Joseph Wenzel (Employees). Employees successfully pursued claims for the related injuries against responsible third parties and obtained judgments against which CUI filed subrogation liens pursuant to section 440.39, Florida Statutes (1991). CUI and Employees agreed with most of the calculation of CUI’s pro rata share of the judgments but failed to agree on whether CUI was entitled to the interest accrued on its pro rata share from the date of the judgments to the date of disbursement by the third party tortfeasor — a period of over one year. CUI appeals the trial court’s denial of the interest. We reverse.
This appeal appears to be the first in Florida to consider whether section 440.-39(3)(a), Florida Statutes (1991), requires the trial court to include post-judgment interest (on a judgment against third-party tortfeasors) in an award of a pro rata share of the proceeds of the judgment for compensation and medical benefits paid by an employer or an employer’s insurance carrier.
Section 440.39(3)(a) provides:
In all claims or actions at law against a third-party tortfeasor, the employee, or his dependents or those entitled by law to sue in the event he is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are claimed or paid; and such suit may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of the law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for the plaintiff’s attorney. In determining the employer’s or carrier’s pro rata share of those costs and attorney’s fees, the employer or carrier shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney’s fees. Subject to this deduction, the employer or carrier shall recover from the judgment or settlement, after costs and attorney’s fees incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, except, if the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained, the employer or carrier shall recover from the judgment or settlement, after *612 costs and attorney’s fees incurred by the employee or dependent in that suit have been deducted, a percentage of what it has paid and future benefits to be paid equal to the percentage that the employee’s net recovery is of the full value of the employee’s damages; provided, the failure by the employer or carrier to comply with the duty to cooperate imposed by subsection (7) may be taken into account by the trial court in determining the amount of the employer’s or carrier’s recovery, and such recovery may be reduced, as the court deems equitable and appropriate under the circumstances, including as a mitigating factor whether a claim or potential claim against a third party is likely to impose liability upon the party whose cooperation is sought, if it finds such a failure has occurred. The burden of proof will be upon the employee. The determination of the amount of the employer’s or carrier’s recovery shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed shall be served upon the employer and compensation carrier and upon all parties to the suit or their attorneys of record by the employee. Notice of payment of compensation benefits shall be served upon the employee and upon all parties to the suit or their attorneys of record by the employer and compensation carrier. However, if a migrant worker prevails under a private cause of action under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) 96 Stat. 2583, as amended, 29 U.S.C. s. 1801 et seq. (1962 ed. and Supp. V), any recovery by the migrant worker under this act shall be offset 100 percent against any recovery under AWPA.
CUI argues that, while the statute does not specifically address the issue of post-judgment interest, both logic and equity dictate that CUI is entitled to its pro rata share of the post-judgment interest collected from the tortfeasors by Employees. It cites Becker v. Huss Company, Inc., 43 N.Y.2d 527, 402 N.Y.S.2d 980, 373 N.E.2d 1205 (N.Y.1978), to support its argument. The New York court held that, once judgment or settlement results in recovery, the lienor is entitled to interest on its share from the date that interest is computed and collectible on the gross recovery. The decision was based upon the proposition that “one entitled to a principal sum on which interest is accruing should receive the interest accrued, since interest is intended to compensate for the use or nonpayment of money.” Id., 43 N.Y.2d at 543, 402 N.Y.S.2d at 986, 373 N.E.2d at 1211 (citations omitted).
Employees on the other hand argue that no interest is due to CUI since they are not indebted to CUI. They assert that benefits are paid to them as a matter of statutory right and that CUI is entitled to reimbursement only when the worker receives payment. Additionally, since the statute does not mention interest, courts would be adding words improperly. In support of that rule of statutory construction, Employees cite to In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130, 1137 (Fla.1990), and Devin v. City of Hollywood, 351 So.2d 1022 (Pla. 4th DCA 1976). Employees also cite a host[1] of out-of-state decisions that deny compensation carriers any share of post-judgment interest. All of these cases deal with state statutes which have language different from the Florida Statutes and are not helpful. The Arizona, Illinois, and New Hampshire statutes and courts seem to stress the importance of the carrier’s lien rights accruing at the time a recovery is actually realized rather than when a judgment is obtained.
Florida’s statute specifically addresses certain items to be deducted from the fund representing recovery of a judgment. The items mentioned are costs and *613 attorney’s fees. No mention or distinction is made with respect to principal and interest included in a recovery of a judgment.[2] If the legislature meant to exclude post-judgment interest from the reference to the word “judgment,” it could have added the word “interest” to the two exclusions for costs and attorney’s fees. It did not do so, preferring to refer to the judgment in its broadest meaning.
The statute imposes a lien upon a judgment or settlement recovered and not upon portions of it. We believe that it is unnecessary to engage in dissecting the amount actually paid by a judgment debtor to satisfy a judgment successfully obtained by employees whether it be the full amount of the principal portion of the judgment plus interest accruing on it or some amount less than the full amount of the principal of the judgment because of some reason such as post-judgment settlements in lieu of an appeal or the financial inability of a judgment creditor to satisfy the full amount of the judgment. The lien of the employer or its compensation carrier attaches when the amount is liquidated through judgment or settlement. The right to distribution of the proceeds of the judgment or settlement is after the funds are collected and the employees and carrier either agree on the pro rata share due the carrier or a court awards the pro rata share. It is immaterial whether the proceeds from the judgment or settlement include interest since the proceeds represent a fund to be shared by Employees and the carrier. We cannot envision a need to distinguish between the two items when the legislature did not include instructions to do so. We agree with Employees’ argument that, since the legislature did not mention interest in calculating the pro rata shares of the judgment proceeds, the courts should not do so.
The denial of the post-judgment interest is reversed, and we remand for the purpose of allowing the trial court to determine the additional amount due to CUI of the total proceeds received by the employees in satisfaction of the judgment paid by the third-party tortfeasors.
REVERSED; REMANDED.
COBB and GRIFFIN, JJ., concur.

. State Compensation Fund v. Nelson, 153 Ariz. 450, 737 P.2d 1088 (1987); Lakin v. Daniel Marr & Son Co., 126 N.H. 730, 495 A.2d 1299 (1985); Shelby v. Sun Express, Inc., 107 Ill.App.3d 362, 63 Ill.Dec. 115, 437 N.E.2d 764 (1st Dist.1982); Cervantes v. Ryan, 799 S.W.2d 111 (Mo.App.1990); Kirk v. Walter E. Deuchler Assoc., Inc., 96 Ill.App.3d 99, 51 Ill.Dec. 566, 420 N.E.2d 1124 (2d Dist.1981).

. A money judgment automatically incurs interest pursuant to section 55.03, Florida Statutes (1991). It appears to us that the use of the word "judgment" in section 440.39(3)(a) includes all of the rights created by this judicial order and there are no words limiting the lien only to the principal portion of the judgment.