THREADGILL, Chief Judge.
The appellants, the City of Tampa and Alexsis Risk Management Services, Inc., challenge an order which awards interest to the appellee, William Norton, for purposes of offsetting the amount of a workers’ compensation hen. The appellants contend the trial court erred as a matter of law in entering such an award. We agree and reverse.
In 1991, while receiving workers’ compensation benefits for a work-related injury, Norton, an employee of the city of Tampa, was further injured in an automobile accident caused by a third-party. Though Norton attempted to claim additional workers’ compensation benefits for the injuries he sustained in the later accident, he also sought damages from the third-party tortfeasor. Upon Norton’s receipt of a cash settlement from the third-party tortfeasor, a workers’ compensation hen was placed on the settlement funds to prevent Norton from receiving a double recovery in violation of the workers’ compensation laws. See § 440.39(3)(a), Fla. Stat. (1991).
When Norton and the appellants were unable to agree on an equitable distribution of *812 the settlement funds, Norton petitioned the trial court for a determination of the amount of the appellants’ lien. Following a hearing on the petition, the trial court issued an order setting forth the amount of the lien. The trial court also determined, however, “that since Mr. Norton has not received any proceeds from the settlement for approximately a year and a half to two years[,] that he would be entitled to interest at the legal rate which should be deducted from the proceeds of the City of Tampa’s lien.” The appellants filed a timely notice of appeal, challenging only that portion of the order which awards interest to Norton.
In the context of a workers’ compensation lien against a third-party tort recovery, “[t]he right to distribution of [such] proceeds ... is after the funds are collected and the employees and carrier either agree on the pro rata share due the carrier or a court awards the pro rata share.” Commercial Union Insurance Co. v. Fallen, 603 So.2d 610, 613 (Fla. 5th DCA 1992). In the instant case, Norton’s right to the distribution of any portion of his third-party settlement did not arise until the trial court determined the amount of the appellants’ lien. He thus was not entitled to an award of interest for the time a disposition was pending. Further, the workers’ compensation laws make no provision for an award of interest in this context as section 440.39(3)(a) provides only for the deduction of costs and attorney’s fees “from the fund representing recovery.” Fallen, 603 So.2d at 612-13.
Based on the foregoing, we conclude the trial court erred as a matter of law in entering an interest award in favor of Norton for purposes of offsetting the amount of the appellants’ workers’ compensation lien. The instant cause is therefore reversed and remanded for proceedings consistent with this opinion.
Reversed and remanded.
PATTERSON, J„ and SCHEB, JOHN M., (Senior) Judge, concur.