THOMAS OVERLIN, Plaintiff-Appellant, v. WINDMERE COVE PARTNERS, INC., Defendant-Appellee (Brittany Homes and Development, Inc., Defendant).

Second District   No. 2—00—0986

Opinion filed September 24, 2001.—Rehearing denied October 25, 2001.

Daniel J. Kaiser and Leslie G. Bleifuss, both of Hunt, Kaiser, Bush & Aranda, Ltd., of Bensenville, for appellant.

David E. Trainor and Vicki A. Naveja, both of Tressler, Soderstrom, Maloney & Priess, of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Thomas Overlin, appeals the circuit court's order finding that defendant, Windmere Cove Partners, Inc. (Windmere Cove), owed plaintiff an additional $1,280.31 on a judgment. Plaintiff had filed a motion for a turnover order seeking nearly $23,000, including reimbursement for a subrogee's *pro rata* share of costs and expenses and postjudgment interest on the entire judgment amount. On appeal, plaintiff contends that the court erred in (1) determining the subrogee's *pro rata* share of costs and (2) failing to award plaintiff interest on the portion of the judgment representing workers' compensation payments he had received.

Plaintiff was injured while operating an end loader in the course of his employment. His employer paid him $121,592.92 in workers' compensation benefits. Plaintiff then sued several third parties to recover for those injuries. The employer assigned its workers' compensation lien to Windmere Cove. A jury found Windmere Cove liable and awarded plaintiff $250,114.96. On appeal, this court affirmed. *Overlin v. Windmere Cove Partners, Inc.*, No. 2—99—0145 (2000) (unpublished order under Supreme Court Rule 23).

After this court issued its mandate, Windmere Cove's insurer tendered plaintiff a check for $184,016.02, which it claimed fully satisfied the judgment. Plaintiff moved for a turnover order for an additional $22,955.97 plus *per diem* interest. After a hearing, the trial court found that Windmere Cove owed plaintiff an additional $1,280.31. The court denied plaintiff's motion to reconsider and this timely appeal followed.

To understand the issues raised in this appeal, a brief overview of the subrogation provisions of the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2000)) is necessary. Section 5(b) of the Act permits an injured employee to bring a separate action for damages against a third party. If the employee recovers from the third party, the employer may be reimbursed for the amount of workers' compensation benefits it paid or will have to pay. 820 ILCS 305/5(b) (West 2000). The reimbursement may take the form of a lien on past payments or a credit on future payments. *Zuber v. Illinois Power Co.*, 135 Ill. 2d 407, 411 (1990). From the " 'reimbursement received by the employer pursuant to' " the statute, the employer must pay his proportionate share of the costs and expenses of the third-party action. *Zuber*, 135 Ill. 2d at 411, quoting Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b) (now 820 ILCS 305/5(b) (West 2000)). In addition, the employer must pay an attorney fee of 25% " 'of the gross amount of such reimbursement.' " *Zuber*, 135 Ill. 2d at 411, quoting Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b) (now 820 ILCS 305/5(b) (West 2000)).

On appeal, plaintiff first contends that the trial court miscalculated his employer's *pro rata* share of costs by first deducting the 25% attorney fee from the employer's "reimbursement." In other words, the employer had paid plaintiff $121,592.92 in benefits and had a lien in that amount on the judgment. Therefore, the maximum amount the employer was entitled to receive was $121,592.92, or 48.6% of the judgment ($121,592.92 ÷ $250,114.96). However, Windmere Cove argued that under section 5(b) the employer first must pay 25% of the "gross amount of such reimbursement" to plaintiff's attorneys. 820 ILCS 305/5(b) (West 2000). Expressed as a dollar amount, 25% of $121,592.92 is $30,398.23. Therefore, the actual "reimbursement received by the employer" (820 ILCS 305/5(b) (West 2000)) is only $91,194.69. Windmere Cove argued, and the trial court agreed, that the employer's *pro rata* share of costs should be based on this amount, which represents 34.6% of the total judgment against Windmere Cove, rather than the 48.6% figure plaintiff advocated. Plaintiff contends that this was error.

■ Both parties claim that the "plain language" of section 5(b) supports their arguments. The primary goal of statutory construction is to ascertain and effectuate the legislature's intention. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). The construction of a statute is a question of law that we review *de novo*. *Village of Mundelein v. Franco*, 317 Ill. App. 3d 512, 517 (2000).

■ Plaintiff contends that because both provisions at issue—that requiring the payment a *pro rata* share of costs and that requiring the payment of attorney fees—use the word "reimbursement," the same dollar amount should be used to calculate both amounts. Plaintiff cites the rule that when the same words appear in different parts of a statute, they should be given the same meaning. See *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 513 (1998).

In response, Windmere Cove points out that the rule plaintiff quotes contains the caveat "unless something in the context indicates that the legislature intended otherwise." *McMahan*, 183 Ill. 2d at 513. Windmere Cove points out that, although the legislature used the word "reimbursement" in two different places, the word is modified differently in each instance. In providing the amount of attorney fees the employer must pay, the statute provides for the payment of 25% of the "gross amount" of the reimbursement. However, in providing for the apportionment of costs, the statute refers to a share of the reimbursement "received by the employer." 820 ILCS 305/5(b) (West 2000).

■ We agree with Windmere Cove that, by using different phrases

to describe the amounts forming the bases of the calculations, the legislature must have intended that different figures be used. The most logical reading of the statute, then, is that the legislature intended that 25% of the employer's total reimbursement for its workers' compensation lien be taken off the top as fees to plaintiff's attorneys. The remaining amount is then compared to the total recovery from the third party to determine the employer's *pro rata* share of costs and necessary litigation expenses. Therefore, the trial court did not err in determining the employer's share of costs.

Plaintiff relies on *Lewis v. Riverside Hospital*, 116 Ill. App. 3d 845 (1983), to support its argument that the determination of the employer's share of costs must be based on the total amount of its reimbursement. While it appears that *Lewis* did use that formula in calculating the employer's share of costs, there is no indication that that issue was specifically raised or decided by the court. The opinion provides no explanation of why the court chose that method.

Plaintiff also contends that the trial court erred in failing to award him postjudgment interest on the entire amount of the judgment. Instead, the court awarded interest only on the portion of the judgment over and above the workers' compensation lien.

■ The Code of Civil Procedure provides that judgments shall draw interest from the date of judgment until satisfied. 735 ILCS 5/2—1303 (West 2000). The purpose of awarding interest on a judgment until it is paid is to make the successful plaintiff whole because prior to payment he was denied access to the funds defendant owed him. *Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill. 2d 518, 525 (1964). Windmere Cove points out that if plaintiff were awarded interest on the entire judgment, including the portion representing the lien, he would effectively receive a double recovery because he has already had the use of that money. The lien represents money the plaintiff has already received from the employer.

■ In *Camp v. Star Erection Service, Inc.*, 186 Ill. App. 3d 481 (1989), the court held that interest accrued only on the portion of the judgment exceeding the workers' compensation lien. *Camp*, 186 Ill. App. 3d at 483. We agree with *Camp* that this rule is necessary to prevent a double recovery. We are not persuaded by plaintiff's attempt to distinguish *Camp* on the ground that, unlike in this case, the employer did not assign its lien. It is clear that an employer may assign its lien but this does not affect the employee's recovery. The employee's net recovery from the third party should be the same. *Gonzalez v. Evanston Fuel & Material Co.*, 265 Ill. App. 3d 520, 522 (1994). We see no reason to distinguish between cases in which the employer retains its lien and those in which it assigns it to a third

party. In either case, the employee will receive a double recovery if he is awarded interest on the amounts he had already received.

We also are not persuaded by plaintiff's citation to *Kirk v. Walter E. Deuchler Associates, Inc.*, 96 Ill. App. 3d 99 (1981). In that case, this court held only that the employer could not recover interest from the employee on the amount subject to its lien. Our holding was based on the language of the Act, which provides only for a lien in the amount of benefits actually paid and makes no provision for interest. *Kirk*, 96 Ill. App. 3d at 101. *Kirk* does not support plaintiff's position.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

HUTCHINSON, P.J., and GROMETER, J., concur.