971 So.2d 878 (2007)
Barbara RISER, as Court Appointed Guardian of Hugo Vargas, Appellant,
v.
HARTFORD INSURANCE COMPANY, Appellee.
No. 3D07-808.
District Court of Appeal of Florida, Third District.
November 21, 2007.
*879 Sutton & Montoto and John R. Sutton; Jay M. Levy, Miami, for appellant.
Joseph P. D'Ambrosio, Boca Raton, for appellee.
Before COPE and WELLS, JJ., and FLETCHER, Senior Judge.
WELLS, Judge.
Barbara Riser, the court appointed guardian for Hugo Vargas, appeals from an order awarding interest to The Hartford Insurance Company, a workers' compensation insurance carrier, on its pro rata share of a settlement recovery secured by Vargas. Because the carrier was only entitled to a pro rata share of the interest actually earned by Vargas on the settlement proceeds, not interest on the settlement proceeds calculated at the statutory rate, we reverse.
While in the course and scope of his employment, Vargas fell from a scaffold and sustained serious, permanent brain injuries. In December of 2002, the guardian appointed to represent Vargas brought suit to recover damages for these injuries. The guardian also filed a workers' compensation claim against Vargas' employer.[1] The employer's insurer, Hartford, ultimately settled the workers' compensation claim and filed a section 440.39(2) subrogation lien in the personal injury action. The defendants in Vargas' personal injury action also settled with Vargas, paying him $1,500,000 in October 2004 and $550,000 in May 2005. The proceeds from both settlements were deposited into the guardian's attorney's trust account and later transferred into interest bearing accounts at *880 financial institutions which paid interest at commercial rates.
In December 2006, Hartford moved for a determination of its pro rata share of the settlement proceeds paid to Vargas in the personal injury action and, on January 11, 2007, was awarded $260,382 to satisfy its lien. Citing Commercial Union Insurance Co. v. Fallen, 603 So.2d 610 (Fla. 5th DCA 1992), Hartford then moved for an award of interest on the settlement proceeds from the dates they were paid to Vargas, calculated at the respective statutory interest rates under section 55.03, Florida Statutes (2006). On February 26, 2007, the trial court, relying on Fallen, granted the motion and awarded Hartford $43,236.01 in interest calculated at the statutory rate.
We reverse this award, noting first that Fallen does not directly address the issues raised in this case. Fallen addressed only whether a workers' compensation carrier was entitled to "interest accrued on its pro rata share from the date of the judgments [against the tortfeasor in the injured worker's favor] to the date of the disbursement by the third party tortfeasor [to the injured worker]." Id. at 611. Fallen did not address whether a subrogated carrier is entitled to any interest on settlement funds after those funds have been paid by the tortfeasor to the injured worker, or, if so, whether such interest should be calculated at the statutory rate under section 55.03.
Although Fallen did not address distribution of interest accrued between payment by the tortfeasor and determination of a subrogated insurer's pro rata share of that payment, we believe such an insurer would be entitled to its pro rata share of such interest as well. The problem in this case is that Hartford was awarded interest at the statutory post-judgment interest rate from the dates on which Vargas received the settlement funds from the tortfeasor until Hartford's pro rata share was determined. See § 55.03, Fla. Stat. (2006) (setting interest rates for judgments). Vargas did not, however, receive any interest earned on the settlement proceeds for the period of time during which those funds were held in his attorney's trust account. See R. Regulating Fla. Bar 5-1.1(g) (requiring all nominal or short term funds placed in trust with a member of The Florida Bar practicing within the state of Florida to be deposited into an interest-bearing trust account benefiting the Florida Bar Foundation, Inc.); see also Amendment to Rules Regulating the Fla. Bar  Rule 5-1.1(e)  IOTA, 797 So.2d 551, 552 (Fla.2001). And after the funds were transferred into accounts at various financial institutions, Vargas did not earn interest at rates equal to that imposed by section 55.03. As a result, Hartford was erroneously awarded a share of something that Vargas did not recover from the tortfeasor or from any other source. We therefore reverse the interest award and remand for a determination of Hartford's pro rata share of the interest actually earned on the settlement funds.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Florida's Workers' Compensation Law allows an injured employee to accept workers' compensation benefits and pursue legal action against a third-party tortfeasor at the same time. If the injured employee accepts workers' compensation benefits and then recovers from a third-party tortfeasor by judgment or settlement, "the insurer shall be subrogated to the rights of the employee . . . against such third-party tortfeasor, to the extent of the amount of compensation benefits paid or to be paid [to the injured employee]. . . ." § 440.39(2), Fla. Stat. (2006).