# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Williamson v. Asher*, 2013 IL App (1st) 122038

---

| | |
|---|---|
| Appellate Court Caption | MARY CATHERINE WILLIAMSON, Individually, and as Special Administrator of the Estate of Michael Williamson, Deceased, Plaintiff-Appellee, v. CAROLYN ASHER, as Special Administrator of the Estate of Arthur Asher; HERB ELDRIDGE; d/b/a A&H Trucking, Inc.; and A&H TRUCKING, INC., an Indiana Corporation, Defendants (KRX, INC., Intervenor-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-12-2038 |
| Filed | June 24, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the death of plaintiff's husband in a work-related collision, the trial court properly ordered plaintiff to pay her husband's employer the net amount of its workers' compensation lien for the benefits it paid to the husband's estate out of the judgment she obtained in her underlying personal injury action, but the court properly denied the employer's request for a portion of the interest plaintiff received on the judgment, since the employer never obtained a judgment against the tortfeasors, its right to reimbursement arose only when the judgment was paid, and the Workers' Compensation Act did not intend to give the employer a right to the interest that accrued from the date of plaintiff's judgment to the date of payment. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 04-L-5666, 06-CH-26687; the Hon. Barbara McDonald, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Chuhak & Tecson, P.C., of Chicago (William F. Deyoung and Loretto M. Kennedy, of counsel), for appellant. |
| | Law Office of Patrick E. Dwyer III, of Chicago (Patrick E. Dwyer III, of counsel), for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
| | Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1    This appeal arises from the May 23, 2012 order of the circuit court of Cook County, which directed the plaintiff, Mary Catherine Williamson[1] (Mary Catherine) to pay $206,914.29 to intervenor KRX, Inc. (KRX), in satisfaction of KRX's workers' compensation lien against damages recovered by Mary Catherine in an underlying tort action. The order denied KRX's request for a portion of the interest on the underlying judgment amount. On appeal, KRX argues that the trial court erred in denying KRX's request to recover a portion of the interest on the underlying judgment amount. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                  BACKGROUND

¶ 3    This case has a complex procedural history and only the most pertinent facts are reproduced below. On April 23, 2003, a truck driven by Arthur Asher crossed the center line of a highway in McLean County, Illinois, and collided with a gasoline tanker truck owned by KRX and driven by Michael Williamson. Both Arthur Asher and Michael Williamson

_____

[1]Individually and as special administrator of the estate of Michael Williamson.

died in the accident.

¶ 4 Subsequently, KRX, as Michael Williamson's employer, paid $283,549.80 in workers' compensation to his widow, Mary Catherine.

¶ 5 In May 2004, Mary Catherine, individually and as special administrator of Michael Williamson's estate, brought a lawsuit (case No. 04 L 5666) against several defendants, including Arthur Asher's widow, Carolyn Asher[2]; Herbert Eldridge[3] (Eldridge); A&H Trucking, Inc.[4] (A&H Trucking); and Harmon Designs, Inc.[5] (Harmon Designs). The complaint sought damages for wrongful death, survival, medical and funeral expenses, and loss of consortium.

¶ 6 On May 27, 2005, Great West Casualty Company (Great West), as insurer and subrogee of KRX, the owner of the truck driven by Michael Williamson at the time of the accident, brought a separate property damage action against the same defendants to recover for damages to KRX's truck (case No. 05 L 5859). As a result of the accident, Great West, under the terms of its insurance policy, indemnified KRX for the damaged truck and, thus, KRX was not a direct party in the property damage action. On October 4, 2005, the two causes of action (case Nos. 04 L 5666 and 05 L 5859) were consolidated (the underlying action).

¶ 7 On May 19, 2006, the trial court entered a default order against all defendants on all counts in the consolidated underlying action. Following a "prove-up" hearing on August 3, 2006, the trial court entered default judgment in the amount of $6.5 million in favor of Mary Catherine and $47,505.89 in favor of Great West.

¶ 8 On September 1, 2006, the defendants in the underlying action filed a motion to vacate the default judgment, which was denied by the trial court. On May 12, 2009, this court affirmed the judgment on appeal. *Great West Casualty Co. v. Asher*, No. 1-07-1910 (2009) (unpublished order under Supreme Court Rule 23).

¶ 9 On December 7, 2006, while the underlying action was pending on appeal, State Farm Mutual Automobile Insurance Company (State Farm), as insurer for the defendants in the underlying action, filed a declaratory judgment action in the chancery division of the circuit court of Cook County (case No. 06 CH 26687) seeking a declaration that it had no duty to defend or indemnify the defendants in the underlying action.

¶ 10 On September 6, 2007, KRX filed a petition to intervene in State Farm's declaratory judgment action (case No. 06 CH 26687), alleging that it was an interested party in the litigation because KRX had a workers' compensation lien against any judgment granted in favor of Mary Catherine and that KRX must protect its lien "with respect to any settlement

---

[2]As special administrator of the estate of Arthur Asher.

[3]Herbert Eldridge was the owner of A&H Trucking, Inc., and the tractor truck driven by Arthur Asher.

[4]Arthur Asher was an employee of A&H Trucking.

[5]Harmon Designs, d/b/a A&H Trucking, Inc.

or judgment in this case."[6] In KRX's pleadings before the court, KRX asserted that it "holds a lien against [Mary Catherine's] interest in the [underlying] judgment, having extended workers' compensation benefits to the [e]state of Michael Williamson." KRX further requested that the chancery court "assess post-judgment interest due and owing by [State Farm] on [KRX's] lien since August 3, 2006, pursuant to 735 ILCS 5/2-1303."

¶ 11   On July 1, 2011, the chancery court (case No. 06 CH 26687) ruled that State Farm had a duty to defend and indemnify the defendants in the underlying action and that it was estopped from asserting any policy defenses.

¶ 12   On February 9, 2012, the chancery court (case No. 06 CH 26687) entered an order directing State Farm to pay Mary Catherine, as assignee of State Farm's insureds, "$1,000,000 plus 9% interest from August 3, 2006, the day of the underlying judgment." The chancery court noted that because the pleadings did not establish the existence of bad faith on State Farm's part, State Farm was only obligated to pay the underlying judgment up to its policy limits of $1 million, plus interest, rather than the entirety of the underlying $6.5 million judgment. The chancery court found that while Great West and KRX were necessary parties that were entitled to a declaratory judgment in their favor, they had not established a basis for monetary award. The court did not award any interest to KRX.

¶ 13   Subsequently, State Farm tendered $1,503,506.85 in settlement proceeds to Mary Catherine in satisfaction of the chancery court's February 9, 2012 order. In a letter dated March 9, 2012 to Mary Catherine's attorney, counsel for KRX claimed a $283,549.80 workers' compensation lien against the $1,503,506.85 recovered by Mary Catherine on behalf of her husband's estate in the underlying action.

¶ 14   On March 23, 2012, Mary Catherine filed a petition to approve the distribution of the settlement proceeds (petition to approve) and a motion to adjudicate KRX's workers' compensation lien (motion to adjudicate) under the same case number and before the same judge who presided over the underlying action in the law division of the circuit court of Cook County (case No. 04 L 5666). In the motion to adjudicate, Mary Catherine argued that, under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1994)), KRX must pay 25% of attorney fees and a *pro rata* share of the costs, which would reduce the lien amount to $206,914.29.

¶ 15   On April 23, 2012, KRX filed an objection to Mary Catherine's proposed distribution of the proceeds from State Farm ($1,503,506.85), arguing that, in addition to KRX's workers' compensation lien amount of $283,549.80, KRX was also entitled to receive a *pro rata* share of the $503,506.85 interest that Mary Catherine had recovered from State Farm. KRX conceded, however, that it was obligated to pay 25% of attorney fees and a *pro rata* share of costs on its lien recovery.

¶ 16   On May 11, 2012, Mary Catherine filed a response to KRX's objection to the proposed distribution of the proceeds from State Farm, arguing that KRX was not entitled to interest on its workers' compensation lien.

---

[6]Although it is unclear in the record, the parties do not dispute that KRX's petition to intervene was granted by the court.

¶ 17    On May 23, 2012, the trial court (case No. 04 L 5666) ordered Mary Catherine to pay the net workers' compensation lien amount of $206,914.29 to KRX, but denied KRX's request for a portion of the $503,506.85 interest that Mary Catherine recovered in the underlying action.

¶ 18    On June 21, 2012, KRX filed a timely notice of appeal.

¶ 19                                    ANALYSIS

¶ 20    The sole issue before this court is whether the trial court erred in denying KRX's request for a portion of the $503,506.85 interest received by Mary Catherine from State Farm for the underlying judgment.

¶ 21    KRX argues that the trial court erred in denying its request for a *pro rata* share of the $503,506.85 interest that State Farm paid Mary Catherine in satisfaction of the judgment in the underlying action. Specifically, KRX alleged that because both Mary Catherine and KRX had been prejudiced by the delay in receiving the recovered funds after the underlying judgment was entered in 2006, KRX, like Mary Catherine, was entitled to a *pro rata* share (28%) of the $503,506.85 interest. KRX further argued that Mary Catherine, who had received the benefit of KRX's workers' compensation payments for over nine years, should not be allowed to recoup 100% of the $503,506.85 interest on the judgment because it would constitute an impermissible "double recovery" of the lien interest–thereby unjustly enriching Mary Catherine to the detriment of KRX.

¶ 22    Mary Catherine argues that the plain language of the Workers' Compensation Act shows that the legislature did not intend for an employer to recover interest on a workers' compensation lien. She argues that KRX was not entitled to reimbursement of its workers' compensation lien until after judgment against the third-party tortfeasors in the underlying action was obtained and paid by State Farm in 2012. Mary Catherine further contends that KRX was only entitled to a reimbursement of its lien under the Workers' Compensation Act, and that KRX was not entitled to a statutory interest under the provisions of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2010)), because KRX never obtained a "judgment" against the third-party tortfeasors in the underlying action in 2006.

¶ 23    As a preliminary matter, KRX argues that Mary Catherine forfeited any arguments pertaining to the statutory construction of the Workers' Compensation Act–including the purported rationale behind the statute and the meaning of terms such as "reimbursement" and "obtained and paid"–because Mary Catherine failed to present them to the trial court (case No. 04 L 5666) and has now raised them for the first time on appeal. Generally, arguments not raised before the trial court are forfeited and cannot be raised for the first time on appeal. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶¶ 15, 24. However, our review of the record indicates that Mary Catherine did raise arguments regarding the statutory interpretation of the Workers' Compensation Act in her May 11, 2012 responsive pleading before the trial court. In that response, Mary Catherine alleged that section 5(b) of the Workers' Compensation Act did not provide for the allocation of any interest to employers, and she cited case law interpreting the language of the statute–including its purpose and employers' reimbursement rights. Thus, we conclude that Mary Catherine has not forfeited review of this

argument on appeal.

¶ 24    Turning to the merits of the appeal, we determine whether the trial court erred in denying KRX's request for a portion of the $503,506.85 interest received by Mary Catherine from State Farm for the judgment in the underlying action. The resolution of this issue involves the interpretation of statutory language, which we review *de novo. Taylor v. Pekin Insurance Co.*, 231 Ill. 2d 390, 395, 899 N.E.2d 251, 254 (2008).

¶ 25    The primary objective in interpreting a statute is to give effect to the intent of the legislature. *Id.* The most reliable indicator of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. *Id.* Where the language of the statute is unambiguous, it must be applied as written without resorting to other aids of construction. *Id.* The court may not depart from the plain language of an unambiguous statute by reading into it exceptions, limitations, or conditions not expressed by the legislature. *Id.* Further, words and phrases must be interpreted in light of other relevant provisions of the statute and must not be construed in isolation. *UDI #10, LLC v. Department of Public Health*, 2012 IL App (1st) 103476, ¶ 20.

¶ 26    Section 5(b) of the Workers' Compensation Act (the Act) provides in pertinent part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is *obtained and paid*, or settlement is made with such other person, either with or without suit, *then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative* \*\*\*.

Out of any reimbursement received by the employer pursuant to this [s]ection, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement.

*If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation*, or to institute proceedings to recover the same, *the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party*." (Emphases added.) 820 ILCS 305/5(b) (West 1994).[7]

_____

[7]This version of section 5 is currently in effect because it preceded the amendments of Public Act 89-7, § 55, eff. March 9, 1995, which our supreme court found unconstitutional in its entirety.

¶ 27    We find *Kirk v. Walter E. Deuchler Associates, Inc.*, 96 Ill. App. 3d 99, 420 N.E.2d 1124 (1981), to be instructive. In *Kirk*, an employer's insurer, under section 5 of the Act, sought reimbursement for workers' compensation benefits it paid to the injured employee, plus interest on its share of the recovery from the date judgment was entered against the third-party tortfeasor. *Id.* at 100, 420 N.E.2d at 1125. The trial court ordered reimbursement of the principal sum of the workers' compensation benefits, less statutory deductions for costs and attorney fees, but denied the insurer's claim for interest. *Id.* On appeal, this court affirmed the trial court's order, holding that section 5 of the Act provides that an employee need only pay back amounts received from the employer when "judgment is obtained and paid." *Id.* at 101, 420 N.E.2d at 1125. The *Kirk* court stated that because an employer's right to reimbursement only arises when the judgment is paid, he has no claim to interest on the judgment before the judgment is satisfied. *Id.* The *Kirk* court, noting the purpose of the Act to compensate injured employees, found that there was nothing in the statute or the policies behind the Act to indicate that the legislature intended to allow employers to recover interest. *Id.* at 101, 420 N.E.2d at 1125-26. In finding the insurer's argument regarding fundamental fairness to be unpersuasive, the *Kirk* court reasoned that the argument, carried to its logical extreme, would entitle the insurer to interest "from the date of the workers' compensation award, not only from the date of the third-party judgment, since in its view the entire time the employee had use of the award he was earning interest rightfully belonging to the employer." *Id.* at 101, 420 N.E.2d at 1126. The *Kirk* court further noted that the legislature merely provided that the employer or its insurer has a lien until a judgment is recovered against a third-party tortfeasor and that, "if interest is to be allowed on the portion of the workers' compensation payment which is recovered from a third party[,] the legislature should clearly state that the payer of workers' compensation benefits pays them only contingently and when they are recovered is entitled to them back together with interest." *Id.*

¶ 28    Based on the plain language of section 5(b) of the Act and the principles of *Kirk*, we find that KRX was not entitled to reimbursement of its workers' compensation payments to Mary Catherine until she, as personal representative of the estate of her husband, Michael Williamson, had obtained a judgment against the third-party tortfeasors in the underlying action *and* had been paid by the tortfeasors' insurer, State Farm. The record shows that the judgment against the third-party tortfeasors in the underlying action was obtained on August 3, 2006, when the trial court (case Nos. 04 L 5666 and 05 L 5859) entered default judgment in the amount of $6.5 million in favor of Mary Catherine. However, State Farm, as the tortfeasors' insurer, initiated a declaratory judgment action in the chancery court (case No. 06 CH 26687), arguing that it had no duty to defend or indemnify the tortfeasors in the underlying action. The record reveals that it was not until after the chancery court (case No. 06 CH 26687) ruled that State Farm had a duty to defend and indemnify, and entered a February 9, 2012 order directing State Farm to pay Mary Catherine $1 million plus interest, that Mary Catherine received $1,503,506.85 in settlement proceeds for the judgment in the underlying action. Thus, the earliest time by which KRX was entitled to reimbursement of its workers' compensation benefits from the "fund" created by the judgment amount was in

See *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997).

-7-

2012. Because KRX's statutory right to reimbursement arose only when State Farm tendered payment to Mary Catherine in 2012 in satisfaction of the underlying judgment, it follows that KRX had no legal right to a portion of the $503,506.85 interest awarded to Mary Catherine that accrued between the date of judgment in 2006 and the date the judgment was satisfied in 2012. As the *Kirk* court correctly stated, had the legislature intended for employers to collect interest on the portion of the workers' compensation payment which was recovered from a third-party tortfeasor, it would have clearly stated so. Indeed, since the *Kirk* decision, the legislature had chosen not to amend the relevant terms of the Act to award employers a right to recover interest on its workers' compensation lien against a third-party judgment. See *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 404, 830 N.E.2d 584, 589 (2005) (where the legislature chooses not to amend the terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent). Therefore, KRX was not entitled to a portion of the $503,506.85 interest that Mary Catherine received from State Farm.

¶ 29    Nonetheless, KRX argues that it was entitled to a portion of the $503,506.85 interest, stating as incorrect Mary Catherine's position that KRX's lien was only triggered when the underlying judgment was "obtained and paid." KRX argues that an employer's right to reimbursement under the Act is not contingent upon the employee's recovery from a third-party tortfeasor. In support, KRX cites to the portion of section 5(b) of the Act that allows an employer to independently sue a third-party tortfeasor responsible for the employee's injury when an employee or his personal representative fails to institute a proceeding against such third party in a timely manner. See 820 ILCS 305/5(b) (West 1994). KRX contends that, because both the employer and employee have a right to pursue a claim against a third-party tortfeasor, "both logic and equity require[ ] that interest awarded on a judgment assessed against a third-party tortfeasor be apportioned in accordance with their respective proportion of the claim on the judgment." We reject this contention. The portion of the Act to which KRX refers is inapplicable to the case at bar, where Mary Catherine, as personal representative of the estate of Michael Williamson, did initiate a timely cause of action against the third-party tortfeasors. Moreover, we find that the plain language of the Act specifies that, in the event that an employer initiates a cause of action against a third-party tortfeasor on behalf of the employee's personal representative, the employer must pay the personal representative any amount recovered by the judgment "in excess of the amount of [workers'] compensation paid." 820 ILCS 305/5(b) (West 1994). Thus, we find KRX's argument on this basis to be without merit.

¶ 30    KRX, citing *Overlin v. Windmere Cove Partners, Inc.*, 325 Ill. App. 3d 75, 756 N.E.2d 926 (2001), further argues that Mary Catherine should not be allowed to recoup 100% of the $503,506.85 interest on the judgment because it would constitute an impermissible "double recovery" of the lien interest.

¶ 31    In *Overlin*, an employee was injured while operating an end loader in the course of his employment and thereafter received workers' compensation benefits from his employer. *Id.* at 76, 756 N.E.2d at 927. The employee then sued several third parties to recover for his injuries. *Id.* However, the employer assigned its workers' compensation lien to a third-party tortfeasor, Windmere Cove Partners, Inc. (Windmere), presumably so that the employer

would be absolved from any potential third-party liability. *Id.* The jury later found Windmere liable and awarded the injured employee $250,114.96 in damages. *Id.* Subsequently, Windmere's insurer tendered the employee a check to satisfy the judgment. *Id.* The employee, however, moved for a turnover order for postjudgment interest, which the trial court denied. *Id.* On appeal, the *Overlin* court affirmed the trial court's denial of the award of postjudment interest to the employee on the entire amount of the judgment, finding that the employee would effectively be receiving an impermissible "double recovery" if he were allowed to collect interest on the entire judgment, including the portion representing the workers' compensation lien. *Id.* at 78-79, 756 N.E.2d at 929. The *Overlin* court, citing *Camp v. Star Erection Service, Inc.*, 186 Ill. App. 3d 481, 542 N.E.2d 1139 (1989), stated that interest accrued only on the portion of the judgment that exceeded the workers' compensation lien. *Overlin*, 325 Ill. App. 3d at 78, 756 N.E.2d at 929.

¶ 32    We find *Overlin* to be inapposite to the case at bar. Unlike *Overlin*, in which an injured employee tried to recover postjudgment interest on the entire amount of judgment from a third-party assignee of the workers' compensation lien, the case at bar involves an employer–KRX–directly claiming a portion of the judgment interest received by Mary Catherine, as the personal representative of the deceased employee. Further, in *Overlin*, the court, citing *Kirk*, specifically noted that an employer could not recover interest from the employee on the amount subject to its lien under the Act. *Id.* at 79, 756 N.E.2d at 929. As discussed, KRX's right to reimbursement for the workers' compensation benefits was not triggered until Mary Catherine obtained a judgment in the underlying action and State Farm had satisfied that judgment in 2012; thus, it could not be concluded that KRX was entitled to any interest that accrued between the 2006 judgment date and 2012. KRX was statutorily obligated to make workers' compensation benefit payments to Mary Catherine, and thus, could not now argue that it was "deprived" of those funds nor could it attempt to collect interest on the lien amount prior to the time Mary Catheine obtained payment from State Farm for the underlying judgment. To the extent that KRX implies that it was entitled to a share of the interest that accrued on the portion of the judgment which "exceeded the workers' compensation lien," we reject this notion. Nowhere in the plain language of the Act does it allow an employer to recover interest on the portion of the judgment that had nothing to do with the workers' compensation lien, but which was obtained in favor of an employee's personal representative. Certainly, the Act does not serve as an investment vehicle for an employer like KRX to recover beyond the principal sum of the workers' compensation benefits, less statutory deductions for costs and attorney fees, which were paid to Mary Catherine as a result of her husband's death.

¶ 33    We further reject KRX's contention that even though the Act does not provide an employer with a right to collect interest on the judgment, it had every right to recover a portion of the $503,506.85 interest because it was granted by the chancery court pursuant to section 2-1303 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1303 (West 2010) ("[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied")). Here, KRX was not a direct party to the underlying action (case Nos. 04 L 5666 and 05 L 5859), and thus, never obtained a *judgment* against the third-party tortfeasors in the underlying action. Rather, pursuant to the Act, KRX only had

a workers' compensation *lien* against the underlying judgment. Because KRX never obtained a judgment against any third-party tortfeasor, it could not recover any interest accrued on the judgment amount.

¶ 34 Moreover, we reject the various arguments in KRX's briefs that seem to suggest that the $503,506.85 interest, just like costs and expenses, should be apportioned between KRX and Mary Catherine as though KRX was a party to the underlying litigation and had thus suffered damage by State Farm's delay in satisfying the judgment. We find that KRX has not cited any relevant legal authority in support of these arguments. See *Franciscan Communities, Inc. v. Hamer*, 2012 IL App (2d) 110431, ¶ 22 (arguments that are not clearly defined and sufficiently presented are forfeited for review); *In re Marriage of Wassom*, 352 Ill. App. 3d 327, 332-33, 815 N.E.2d 1251, 1256 (2004) (failure to cite legal authority in the argument section of a party's brief forfeits the issue for review). Forfeiture aside, we find that, as discussed, the Act is the only vehicle by which KRX may obtain reimbursement, as a lienholder for the workers' compensation benefits, which it paid. The Act makes no provision for an employer to recover interest payments on either the lien amount or the portion of the judgment that exceeded the workers' compensation lien. Thus, KRX's argument fails on this basis. Therefore, we hold that the trial court did not err in denying KRX's request for a portion of the $503,506.85 interest received by Mary Catherine from State Farm for the underlying judgment.

¶ 35 Accordingly, based on our holding, we need not address Mary Catherine's alternative argument regarding the doctrine of collateral estoppel. For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36 Affirmed.