2022 IL App (1st) 220155-U

No. 1-22-0155

Filed November 23, 2022

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LAURA E. RICE, as Special Representative of the Estate of MARGARET L. RICE, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 18 L 0783 |
| MARATHON PETROLEUM CORPORATION, SPEEDWAY, LLC, and MANOJ VALIATHARA, | ) ) ) ) | |
| Defendants and Third-Party Plaintiffs-Appellees, | ) ) ) | |
| v. | ) ) | |
| SOUND, INC., ILLINOIS BELL TELEPHONE COMPANY, LLC d/b/a AT&T ILLINOIS, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMMONWEALTH EDISON COMPANY, DIRECTIONAL CONSTRUCTION SERVICES, INC., FLAGG CREEK WATER RECLAMATION DISTRICT, LAUREN'S RESTORATION, INC., NICOR GAS, and ROBINETTE DEMOLITION, INC., | ) ) ) ) ) ) ) ) | |
| | ) | Honorable |
| | ) | James M. Varga, |
| Third-Party Defendants. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1  *Held*: Appeal dismissed for lack of appellate jurisdiction. The trial court's dismissal of counts for personal injury based on violations of the Illinois Environmental Protection Act was not a final, appealable order when negligence counts based on the same operative facts remained pending. Subsequent settlement of the negligence counts did not cure the premature notice of appeal.

¶ 2  Laura Rice, as Special Administrator of the Estate of Margaret Rice, appeals from an order dismissing three counts of her six-count complaint. We dismiss this appeal for lack of jurisdiction upon our finding that the trial court's order was not a final judgment.[1]

¶ 3  Margaret Rice sustained injuries on October 20, 2017, when an explosion and fire occurred in the laundry room of her apartment building in Willowbrook, Illinois. The cause of the explosion and fire was attributed to gasoline leaking into the sewer system from an underground storage tank situated at a Speedway gas station nearly 1½ miles from Margaret's apartment building. Margaret filed this action against Marathon Petroleum Corporation and its subsidiary, Speedway, LLC, which owns and operates the Speedway gas station. The station's manager, Manoj Valiathara, was also named as a defendant. Subsequently, Margaret died and her daughter, Laura, was substituted as the plaintiff in her capacity as special representative of Margaret's estate. Marathon, Speedway, and Valiathara (collectively, the Speedway defendants) filed a third-party complaint against multiple parties whose negligence, they claimed, contributed to Margaret's injuries.[2]

¶ 4  Rice's[3] amended complaint against the Speedway defendants asserted six counts. Counts I, II, and III (the EPA counts) alleged that the respective Speedway defendants violated several provisions of the Leaking Underground Storage Tank Program (LUST) (415 ILCS 5/57 *et seq.* (West 2016)), which is part of Illinois's Environmental Protection Act (EPA) (415 ILCS 5/1 *et*

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.
[2]The third-party defendants are not parties to this appeal.
[3]Rice refers to Laura Rice, as Special Representative of the Estate of Margaret Rice.

*seq*. (West 2016)). Rice asserted that the LUST violations caused the gasoline leakage, which resulted in the explosion and fire that injured Margaret. Counts IV, V, and VI (the negligence counts) expressly incorporated the allegations contained in the EPA counts to assert that each of the Speedway defendants were negligent based on the same acts and omissions. Rice sought both compensatory and punitive damages. The Speedway defendants filed a motion to dismiss the EPA counts pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)) and an answer to the negligence counts. In the motion to dismiss, the Speedway defendants argued that LUST does not provide a private right of action. The circuit court agreed and granted the motion to dismiss the EPA counts by written order. The order included an express finding pursuant to Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that "[t]here is no just reason for delaying either enforcement or appeal." Rice filed a motion to reconsider, which the trial court denied. Rice then filed a notice of appeal from the court's dismissal of the EPA counts. Subsequently, Rice and the Speedway defendants reached a settlement on the remaining negligence counts.[4] Their settlement agreement and agreed order to voluntarily dismiss the negligence counts expressly stated that they had only resolved the negligence counts and were continuing to litigate the EPA counts through this appeal.

¶ 5　　　We are obliged to consider our jurisdiction even if the parties fail to raise the issue. *Trutin v. Adam*, 2016 IL App (1st) 142853, ¶ 21. The Illinois Constitution gives the appellate court jurisdiction to review final judgments entered in the circuit court. *EMC Mortgage Corp. v. Kemp*,

---

[4]We are aware of the settlement since it is at issue and contained in the record of a separate appeal pending before us involving the Speedway defendants' third-party claims for contribution. "We may take judicial notice of the record in another case involving the same party or of public documents contained in the record of any other judicial proceeding if doing so would aid us in deciding the instant appeal." *In re Marcus S.*, 2022 IL App (3d) 170014, ¶ 46, n. 4.

2012 IL 113419, ¶ 9. The appellate court may only review nonfinal orders when appeal of such an order is permitted by a supreme court rule. *Id.*

¶ 6      Here, Rice predicates our jurisdiction on Rule 304(a). This rule permits appeal from final orders that dispose of less than all claims in an action before the circuit court, but only if the circuit court makes a special finding that no just cause for delay of appeal exists. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). When a circuit court makes such a finding, however, that finding does not necessarily determine our jurisdiction. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24. The special finding makes a final order appealable, but it has no effect on a nonfinal order. *Id.* If an order is not final, it is not appealable pursuant to Rule 304(a) even if the circuit court includes the special finding. *Id.*

¶ 7      The order Rice seeks to appeal disposed of the EPA counts while the negligence counts remained pending. However, both the EPA counts and the negligence counts relate to the same basic claim: that the Speedway defendants' acts and omissions caused the explosion and fire that injured Margaret. When an order disposes of only certain issues relating to the same basic claim, the order is not subject to review pursuant to Rule 304(a). *Id.* ¶ 27. Consistent with that principle, our precedent holds that when an order disposes of fewer than all counts, but other counts based on the same operative facts remain pending before the circuit court, the order is not a final judgment and may not be appealed even if the circuit court includes the Rule 304(a) special finding. *Id.* (citing *Davis v. Loftus*, 334 Ill. App. 3d 761, 766 (2002)); *Illinois State Bar Ass'n Mutual Insurance Co. v. Canulli*, 2019 IL App (1st) 190141, ¶ 17. Here, the EPA counts and the negligence counts differ in theory of liability but are based on the same operative factual allegations. They are the same basic claim. Therefore, the dismissal of the EPA counts was not a

final judgment. Consequently, the circuit court's order was not appealable, and its special finding did not confer appellate jurisdiction. Rice's notice of appeal was premature.

¶ 8     We note that the remaining negligence counts were resolved by settlement and voluntary dismissal. However, when a notice of appeal is filed prematurely, subsequent disposition of relevant matters in the circuit court does not cure the jurisdictional defect. *In re Marriage of Tomei*, 253 Ill. App. 3d 663, 666-67 (1993) (finding appellate court lacked jurisdiction when pending fee petition was dismissed after premature notice of appeal was filed); *In re Marriage of Merrick*, 183 Ill. App. 3d 843, 845 (1989) (same when pending matters were later resolved in the circuit court). Future resolution in the circuit court does not make a premature notice of appeal effective retroactively.

¶ 9     We recognize that this outcome seems to put form over substance. Nevertheless, the supreme court rules are not mere suggestions (*In re Denzel W.*, 237 Ill. 2d 285, 294 (2010)), and we may not disregard jurisdictional barriers for convenience.

¶ 10     For these reasons, we conclude that we lack jurisdiction and dismiss this appeal.

¶ 11     Appeal dismissed.