2023 IL App (1st) 220900

FIFTH DIVISION
August 18, 2023

No. 1-22-0900

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| MARILYN BARNAI, as Administrator of the Estate of Frank Barnai, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART  STORES, INC.; INTERNATIONAL CONTRACTORS, INC.; and NULINE TECHNOLOGIES, INC.,<br><br>    Defendants<br><br>(Marilyn Barnai, as Administrator of the Estate of Frank Barnai, Deceased, as Assignee of the Contribution Claims of Wal-Mart Stores, Inc., International Contractors, Inc., And Nuline Technologies, Inc., Third-Party Plaintiff-Appellee/Cross-Appellant; Summit Fire Protection Company, Third-Party Defendant-Appellant and Cross-Appellee; Wausau Underwriters Insurance Company, as Subrogee of Frank Barnai, Intervenor and Cross-Appellee). | Appeal from the Circuit Court of Cook County.<br><br><br>No. 18 L 7102<br><br><br><br><br><br><br><br><br>Honorable James N. O'Hara, Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.
Justices Lyle and Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1                                    BACKGROUND

¶ 2     This is the fourth time this complex personal injury dispute has come before this court. We summarize the past procedural history only as necessary to provide context for the limited issues now before us.

¶ 3     Frank Barnai[1] sued Wal-Mart Stores, Inc. (Walmart), International Contractors, Inc. (ICI), and Nuline Technologies, Inc. (Nuline), after he was injured while working at a Walmart store construction site in 2007. Walmart, ICI, and Nuline, in turn, filed contribution claims against Barnai's employer, Summit Fire Protection Company (Summit). Barnai settled with Walmart, ICI, and Nuline for $5,073,463.71. The settlement expressly assigned each of the settling defendants' contribution claims to Barnai.

¶ 4     Barnai then proceeded to trial against Summit, not as an employee suing his employer, but rather as assignee of the contribution claims against Summit, for the purpose of allocating fault among them for the gross settlement. After a jury trial on those assigned contribution claims, Summit was found 52% liable for plaintiff's injuries, ICI 38% liable, and Walmart, 10%. Nuline was voluntarily dismissed before the trial and was not listed on the verdict form. Around the same time, the circuit court entered an order finding that Summit's workers' compensation insurer, Wausau Underwriters Insurance Company (Wausau)—which had intervened into Barnai's lawsuit—had a net recoverable workers' compensation lien of $1,938,586. Rather than requiring that amount to be turned over immediately, the court directed that Barnai's attorneys hold certain settlement proceeds in escrow pursuant to section 5 of the Workers' Compensation Act (820 ILCS

---

[1]Frank Barnai was the plaintiff who filed the original lawsuit. Upon his death, Marilyn Barnai, Frank's wife and the administrator of his estate, was substituted as plaintiff. For the sake of clarity and simplicity, we shall refer to both individuals as "Barnai" or plaintiff.

305/5 (West 2014) (Act)) pending further order of the court. The escrowed amount was slightly higher than the lien.

¶ 5    Summit appealed after the first jury trial, but we dismissed that appeal for lack of jurisdiction. See *Barnai v. Wal-Mart Stores, Inc.*, No. 1-15-2773 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (*Barnai I*). In Summit's second appeal, we (1) vacated the circuit court's order finding the settlement was made in good faith, (2) vacated the jury's verdict, and (3) remanded the matter for a new trial and settlement hearing. We determined that the circuit court could not properly determine whether the settlement was in good faith without knowing how the three settling defendants allocated fault among them and that a new trial was necessary so that the jury could include Nuline in its allocation of fault. See *Barnai v. Wal-Mart Stores, Inc.*, 2017 IL App (1st) 171940 (*Barnai II*).

¶ 6    On remand, the circuit court again found the settlement with Walmart, ICI, and Nuline was made in good faith. The matter proceeded to a second jury trial on the contribution claims against Summit, after which the jury found Summit 92.5% at fault, ICI 7.5% at fault, and Walmart and Nuline 0% at fault. Summit again appealed, contending that (1) the assignments of contribution actions against Summit to plaintiff were invalid, (2) Nuline's assigned contribution cause of action was time barred, (3) the court erred in finding that the settlement was made in good faith, (4) Summit was entitled to a setoff, and (5) the court erred in excluding Barnai's judicial admissions. *Barnai v. Wal-Mart Stores, Inc.*, 2021 IL App (1st) 191306, ¶ 2 (*Barnai III*). This court reversed the circuit court's order granting plaintiff's motion for leave to file a third amended complaint, which had revived Nuline's contribution claim against Summit. We also held that Barnai was precluded from any recovery on the settlement amount of $950,000 that was made on behalf of Nuline. In addition, we held that Summit was entitled to a setoff for amounts paid by its

insurer, Interstate Fire and Casualty Company, to the settlement. As a result, we reduced the money judgment against Summit to $3,098,750. We otherwise affirmed the judgment of the circuit court. *Id.* ¶ 62.

¶ 7 After this court issued its mandate in *Barnai III*, Summit tendered $3,391,691.36 to Barnai, believing that sum satisfied the judgment against it. The tender was split among three checks, two from Liberty Mutual Insurance, as Summit's commercial general liability insurer, and one from Allianz Global, Summit's excess insurer. Summit and Barnai disagreed regarding whether this tender satisfied the outstanding judgment.

¶ 8 For its part, Summit determined its tender amount by first subtracting the workers' compensation lien of $1,938,586 from the original judgment and only then computing statutory judgment interest on the much smaller remainder, $1,160,164. In its cover letter accompanying the tender, Summit's attorneys stated that it computed interest only on the balance remaining after deducting the workers' compensation lien pursuant to *Camp v. Star Erection Service, Inc.*, 186 Ill. App. 3d 481 (1989). Barnai rejected this tender, believing that she was owed $516,461.64 more, or $3,908,153. In contrast to Summit, she contended that statutory judgment interest first accrued on the *whole* $3,098,750 judgment and that the workers' compensation lien should only be subtracted from the higher amount resulting after adding accrued interest to date.

¶ 9 To resolve this dispute, Barnai filed a motion to satisfy judgment and to disburse workers' compensation funds that had been escrowed pursuant to an earlier court order. Summit filed a competing petition to compel the release of the judgment against it. On May 19, 2022, the circuit court issued an order resolving both motions. The court agreed with Barnai's interest computation. It found that Summit owed Barnai interest on the entire amount of the judgment, rather than on the difference between the judgment and the amount of the workers' compensation lien. In reaching

4

that holding, the circuit court stated that whether the same insurer both insured the main judgment and was owed the workers' compensation lien was relevant under the applicable case law (which we discuss below). On that issue, the court found that Liberty Mutual and Wausau were different companies and that Wausau held the workers' compensation lien. Therefore, applying the principles of the cases cited, the court determined that Summit was not entitled to set off the amount of the workers' compensation lien from the judgment *before* calculating interest thereon. The court thus granted Barnai's motion to satisfy judgment in part and denied Summit's motion to release the judgment as "premature." The court also directed the parties to "submit an email status report to the Court to confirm compliance with this order no later than June 14, 2022." Summit has appealed that ruling.

¶ 10    In the same order, the court also denied Barnai's request to satisfy the balance of the interest owed by Summit out of workers' compensation lien funds (which were held by Barnai's counsel in escrow pursuant to a court order). The court further determined that interest on the judgment stopped accruing on March 16, 2022, which was the date the motions at issue "were submitted to the Court as ripe for ruling." Barnai has cross-appealed those two rulings.

¶ 11                                    ANALYSIS

¶ 12                                   *Jurisdiction*

¶ 13    We first address jurisdiction. A reviewing court has an independent duty to consider its own jurisdiction, whether or not the parties have raised it as an issue, before proceeding to the merits of the case. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009) (citing *People v. Smith*, 228 Ill. 2d 95, 106 (2008), and *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)).

5

¶ 14    As noted above, the circuit court entered the order at issue on May 19, 2022. On June 16, 2022, the circuit court entered an order reciting that the matter came before it on Barnai's motion to satisfy judgment and disburse workers' compensation funds, and setting the case for a June 22, 2022, teleconference. Summit filed its notice of appeal on June 16, 2022, which was within 30 days of the May 19 order. Barnai filed a timely notice of cross-appeal on June 21. The circuit court entered no further orders.

¶ 15    The parties assert that this court has jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb . 1, 1994) and Rule 303 (eff. July 1, 2017), which govern appeals from final judgments. A final judgment is a determination by the court on the issues presented by the pleadings, which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution. *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005) (citing *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982)).

¶ 16    Summit notes that the circuit court's May 19, 2022, order resolved all issues between the parties but theoretically left open the issue of the arithmetic calculation of the setoff for the workers' compensation lien, depending on which approach should be used in determining the interest on the main judgment. However, in its brief, Summit advises that it does not dispute the arithmetic calculation Barnai presented in the circuit court. That being the case, we agree with the parties that this court has jurisdiction pursuant to Rule 303, since nothing remains for the circuit court to do but proceed with execution on the judgment.

¶ 17                        *Computation of Interest*

¶ 18    On appeal, Summit seeks reversal of the circuit court's order determining that interest accruing pursuant to section 2-1303(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1303(a) (West 2020)) must be computed on the whole judgment before deducting the workers' compensation lien. This issue involves the interplay of two statutes and presents an issue of statutory interpretation, which we review *de novo*. *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 55.

¶ 19    Section 2-1303 of the Code governs how interest accrues on money judgment. It provides, in part:

> "[J]udgments recovered in any court shall draw interest at the rate
> of 9% per annum from the date of the judgment until satisfied ***.
> When judgment is entered upon any award, report or verdict,
> *interest shall be computed at the above rate, from the time when
> made or rendered to the time of entering judgment upon the same,
> and included in the judgment.* Interest shall be computed and
> charged only on the unsatisfied portion of the judgment as it exists
> from time to time. The judgment debtor may by tender of payment
> of judgment, costs and interest accrued to the date of tender, stop the
> further accrual of interest on such judgment notwithstanding the
> prosecution of an appeal, or other steps to reverse, vacate or modify
> the judgment." (Emphasis added.) 735 ILCS 5/2-1303(a) (West
> 2020).

¶ 20    The other relevant statute is section 5(b) of the Act (820 ILCS 305/5(b) (West 2020)), which provides that, if an injured employee receives damages from a third-party tortfeasor for work-related injuries, the employer has a lien on those damages for the workers' compensation payments it has made on behalf of the employee. It states in part:

> "(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.
>
> ***
>
> If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to

institute proceedings to recover the same, the employer may have or

claim a lien upon any award, judgment or fund out of which such

employee might be compensated from such third party." *Id.*

¶ 21    Our primary goal in construing a statute "is to ascertain and give effect to the intent of the legislature." *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 37. The plain language of a statute is the most reliable indicator of the legislature's intent. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009). When the statutory language is clear and unambiguous, we apply its plain and ordinary meaning without looking to outside sources for aid. *Id.* To determine the plain meaning of statutory terms, we consider the statute itself, the subject it addresses, and the intent of the legislature in enacting it. *Id.* The statute should be read as a whole and construed so that no term is rendered "meaningless or superfluous." *Id.* If, however, the statute is reasonably capable of being understood in different ways, it will be considered ambiguous, and the court may then properly consider extrinsic aids of construction to ascertain the legislative intent. *Id.* We presume that the legislature intended that two or more statutes relating to the same subject should be read harmoniously so that no provisions are rendered inoperative. Statutes relating to the same subject must be compared and construed with reference to each other so that effect may be given to all of the provisions of each if possible. *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458-59 (2002) (citing *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 391-92 (1998)).

¶ 22    The parties focus their analysis on three cases that have discussed the computation of interest on a judgment when a workers' compensation lien is at issue. The circuit court did so, as well. We examine each in turn.

¶ 23    In *Camp v. Star Erection Services, Inc.*, 186 Ill. App. 3d 481, 482 (1989), the Third District examined a case where the plaintiff's employer was responsible for paying *both* the judgment and

collecting the workers' compensation lien, through its combined workers' compensation and general liability insurance carrier. In other words, the same insurer was covering both sides of the equation. Accordingly, the *Camp* court determined that the employer was not entitled to interest on the full amount of its judgment but only on the amount remaining after a setoff was deducted. *Id.* at 483. The *Camp* court recognized no specific authority for its holding that plaintiff was not entitled to interest on the full amount of the judgment, simply reasoning that the result was logical because the same insurance carrier provided both the employer's workers' compensation and its general liability coverage. *Id.*

¶ 24     In *Overlin v. Windmere Cove Partners, Inc.*, 325 Ill. App. 3d 75, 76 (2001), a case from the Second District, a plaintiff injured on the job received workers' compensation benefits and sued several third parties, including Windmere Cove. The plaintiff's employer assigned its workers' compensation lien to Windmere Cove. *Id.* Following a judgment in favor of the plaintiff and against Windmere Cove, the court found that the plaintiff could only recover interest on the portion of the judgment not subject to the assigned workers' compensation lien. *Id.* at 78-79. The *Overlin* court followed *Camp*, concluding that allowing the plaintiff to collect interest on the portion of the judgment subject to the lien would constitute a double recovery. *Id.* However, *Overlin* is not quite on all fours with the case now before us. Unlike in this case, in *Overlin*, the third-party defendant was not the plaintiff's employer.

¶ 25     We note that neither *Camp* nor *Overlin* is binding on this court. As our supreme court has explained, opinions of any appellate court district are not binding on other districts of the appellate court. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 392 n.2 (2005) (citing *Garcia v. Hynes & Howes Real Estate, Inc.*, 29 Ill. App. 3d 479, 481 (1975)).

¶ 26    The most recent of the three cases is *Williamson v. Asher*, 2013 IL App (1st) 122038, a case from this appellate district. Of the three main cases, the circuit court found *Williamson* most persuasive. To the extent the three cases conflict, the circuit court was required to follow *Williamson* in preference to *Camp* or *Overlin* under the rules of vertical *stare decisis*, since it was issued by the First District. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 92 (1997) (citing *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539-40 (1992) (holding that, when conflicts arise amongst the districts, the circuit court is bound by the decisions of the appellate court district in which it sits)).

¶ 27    In *Williamson*, the defendants—who were *not* the plaintiff's employer—owed a judgment to the plaintiff, but a different entity—the plaintiff's employer—owned the workers' compensation lien. *Williamson*, 2013 IL App (1st) 122038, ¶¶ 5-10. The court framed the issue as follows: "[t]he sole issue before this court is whether the trial court erred in denying [a workers' compensation lienholder's] request for a portion of the $503,506.85 interest received by [the plaintiff's estate] from [the defendants' insurer] for the underlying judgment." *Id.* ¶ 20. Then, analyzing the interplay between section 2-1303 of the Code and section 5(b) of the Act, this court explained in pertinent part as follows: "Certainly, the Act does not serve as an investment vehicle for an employer *** to recover beyond the principal sum of the workers' compensation benefits ***. *** Because [the lienholder] never obtained a judgment against any third-party tortfeasor, it could not recover any interest accrued on the judgment amount." *Id.* ¶¶ 32-33. Similarly, the court observed that employers have "no legal right to a portion of the [postjudgment] interest awarded to [the plaintiff] that accrued between the date of the judgment *** and the date the judgment was satisfied." *Id.* ¶ 28.

11

¶ 28    While none of the three cited cases are squarely on point with the facts of this case, we find that, of the trio, *Williamson* most robustly gives effect to both of the applicable statutes. Applying the *Williamson* court's analysis to the facts before us, we find that the circuit court did not err in finding that Barnai's interest computation was correct.

¶ 29    This resolution is consistent with section 2-1303 of the Code. That statute clearly provides that interest accrues on the entire judgment, not some smaller amount that is not, in fact, an actual judgment. In particular, it does not exclude from the judgment amount money that has been escrowed because it is subject to a lien. The broad scope of the statute requiring interest to be paid on judgments is well established in case law. This court has explained, "The language of the statute is positive and self-executing. The trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment." *People ex rel. Holland v. Halprin*, 30 Ill. App. 3d 254, 256 (1975). Further, in *Halloran v. Dickerson*, 287 Ill. App. 3d 857 (1997), the court held: "Nothing less than full, formal tender in compliance with the statute will operate to stop the accrual of interest on the judgment." *Id.* at 862 (citing *Thomas v. Missouri-Illinois R.R. Co.*, 30 Ill. App. 3d 40, 42 (1975)). Put simply, the Code requires that interest accrue on unpaid judgments without exception, and the Act is silent with respect to the notion that the amount of a lien on the judgment must be subtracted before computing that interest. Under the circuit court's holding, the plain language and intent of both statutes are satisfied and fulfilled.

¶ 30    Although our disposition relies on our analysis of the two relevant statutes and the case law interpreting them, we find further support for this holding in the fact that here, Allianz Global and Liberty Mutual, which were obligated to pay the judgment, are distinct from Wausau, the company that provided workers' compensation benefits. We therefore reject Summit's contention that a different result is required because Wausau and Liberty Mutual are actually the same company.

Summit relies on materials in the record that identify Wausau as a "Member-Liberty Mutual Group" and an affidavit from a Liberty Mutual employee stating that Liberty Mutual provides workers' compensation coverage through a "variety of underwriting companies" including Wausau. We are not persuaded by this argument. We have no doubt, based on the record, that there is some corporate relationship between the two companies. But despite Summit's characterization of the relationship between the two companies as being alter egos, the Liberty Mutual employee's affidavit itself shows that Summit's workers' compensation policy was issued by Wausau, not Liberty Mutual. Further, a copy of the Wausau policy is in the record, designating Wausau, not Liberty Mutual, as the insurer.

¶ 31    Because of this holding, we need not address Barnai's claim that Summit waived any right to reduce postjudgment interest pursuant to a contract with ICI in which it agreed to waive any right to contribution and to fully indemnify Walmart and ICI against all claims "arising out of or in connection with" the construction project. Our disposition also renders moot Barnai's contention that Summit waived its claim that it was entitled to set off the amount of the workers' compensation lien for the purpose of calculating interest on the judgment.

¶ 32    Therefore, on Summit's appeal, we affirm the portion of the circuit court's orders that granted Barnai's motion to satisfy judgment in part and denied Summit's motion to release the judgment.

¶ 33    *Cross-Appeal—Payment of Balance from Escrowed Workers' Compensation Funds*

¶ 34    We next consider Barnai's cross-appeal, which contains two distinct parts. Barnai first contends that the circuit court erred by denying her request to satisfy the balance owed her out of the escrowed workers' compensation lien funds. Wausau has submitted a brief in this court, limited solely to this issue. Wausau contends that it has an absolute right to recover its entire net workers'

compensation lien being held in escrow and that the circuit court did not err in refusing Barnai's request to satisfy the remaining balance due on the judgment from the escrowed funds. Summit makes similar contentions.

¶ 35    The circuit court found it had no authority to grant Barnai's request, and we agree. Barnai's brief on this issue consists of two paragraphs that rely solely on an appeal to equity and justice, and it cites no statutes or case law. Barnai merely argues that this court has the authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) to make any order "it deems just." We appreciate Barnai's frustration with Summit's defense strategies that have delayed resolution of this dispute for over a decade and apparently precipitated this demand. However, in the absence of more specific authority, we must decline to order such relief.

¶ 36                    *Cross-Appeal—Date of Accrual of Interest*

¶ 37    As her second assignment of error on her cross-appeal, Barnai claims that the circuit court erred in ruling that interest stopped accruing on the judgment as of March 16, 2022, the date on which the parties' competing motions were fully briefed and submitted to that court. This holding is found only in the decretal portion of the circuit court's order and is not otherwise discussed or analyzed therein. It also does not seem to have emanated from a specific request in the motions then pending before the circuit court. In response, Summit admits that it never requested such an order from the circuit court. It simply stands firm on its position that it duly satisfied the judgment when it tendered the three checks from the two insurers, and it suggests that the circuit court's holding was "an attempt to correct [a] mathematical error" that both sides appear to have since resolved.

¶ 38    In support of reversal on this point, Barnai relies on the plain language of section 2-1303 of the Code and *Halloran* for the proposition that "only a full, formal [tender] in compliance with

Section 2-1303 stops the accrual of interest on a judgment." See *Halloran*, 287 Ill. App. 3d at 862. We agree with Barnai that under section 2-1303, *Halloran*, *People ex rel. Holland*, and related case law, the circuit court erred in terminating the accrual of interest as of March 16, 2022. We therefore reverse paragraph 1(b) of the decretal section of the circuit court's May 19, 2022, order. Interest must accrue on the full unpaid portion of the judgment until paid.

¶ 39                                           CONCLUSION

¶ 40    We affirm the circuit court's May 19, 2022, order in all respects, with the exception of paragraph 1(b) of the decretal section of the order, which we reverse.

¶ 41    In light of the author's impending retirement from the court, this court shortens the time to seek rehearing of this opinion to 10, rather than 21, days from the issuance hereof pursuant to Illinois Supreme Court Rule 367(a) (eff. Nov. 1, 2017).

¶ 42    Affirmed in part and reversed in part.

*Barnai v. Wal-Mart Stores, Inc.*, 2023 IL App (1st) 220900

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-L-7102; the Hon. James N. O'Hara, Judge, presiding. |
| **Attorneys for Appellant:** | John J. Piegore and Cathleen A. Bleodorn, of Sanchez Daniels & Hoffman, LLP, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Martin J. Healy Jr. and Kevin T. Veugeler, of HealyScanlon, and Joan M. Mannix, of Joan M. Mannix, Ltd., both of Chicago, for appellee Marilyn Barnai.<br><br>Christy Harrison Schaefer and Eric J. Meli, of Nielsen, Zehe & Antas, P.C., of Chicago, for cross-appellee. |