2025 IL App (1st) 241941-U

No. 1-24-1941

June 24, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 14609 |
| | ) | |
| KIYAH LARKINS, GRETCHEN A. GAFFNEY, THE BUDMAN BUILDING, LLC, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, and NON-OCCUPANTS, | ) ) ) ) | |
| | ) | |
| Defendants | ) ) | Honorable William B. Sullvan, |
| (Gretchen A. Gaffney, Defendant-Appellant). | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

ORDER

¶ 1     *Held*:  The appeal is dismissed because the judgment ordering the foreclosure of mortgage is not final and appealable.

¶ 2     Gretchen Gaffney appeals *pro se* from a trial court order providing that a motion would be heard on an emergency basis. On appeal, Gaffney argues that the trial court erred in listing the

wrong plaintiff in the order setting the emergency motion. We dismiss the appeal for lack of jurisdiction.

¶ 3     The record on appeal consists of one volume of the common law record and lacks a report of proceedings or any substitute.

¶ 4     On December 18, 2019, Nationstar Mortgage LLC (Nationstar) filed a complaint to foreclose on a mortgage for a single-family residence at 713 East Bowen Avenue in Chicago (East Bowen property). The complaint identified Kiyah Larkins as the present owner and named as additional defendants Gaffney, The Budman Building, LLC, unknown owners and non-record claimants, and non-occupants.

¶ 5     On February 15, 2023, Nationstar filed a motion for summary judgment as to Larkins's default under the mortgage.

¶ 6     Following a hearing on May 1, 2024, the court entered a judgment of foreclosure and sale in favor of Nationstar. It granted Nationstar's motion for summary judgment. On Nationstar's motion, the court dismissed Gaffney, The Budman Building, LLC, unknown owners and non-record claimants, and non-occupants as defendants, finding they had no further interest in the property. The court appointed The Judicial Sales Corporation as the selling agent for the property. On June 24, 2024, The Judicial Sales Corporation served the parties with notice that a public sale of the property would be held on July 31, 2024.

¶ 7     On July 25, 2024, Larkins filed an emergency motion to stay the judicial sale of the East Bowen property. That same day, the court entered an order providing that the motion would be heard on an emergency basis. In the caption, the order incorrectly identified the plaintiff as Wilmington Savings Fund Society, FSB. On July 30, 2024, the court entered an order that stayed

the judicial sale until September 25, 2024. On September 23, 2024, the court amended the July 25, 2024, order *nunc pro tunc* to correct plaintiff's name to Nationstar.

¶ 8    Gaffney filed a motion for leave to file a late notice of appeal from the orders of July 25 and July 30, 2024, on October 4, 2024, which this court allowed that same day. [1]

¶ 9    On its own motion, this court entered an order taking the appeal on the record and Gaffney's brief only where no appellee brief was filed within the time-period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 10    On appeal, Gaffney Gaffney argues that the trial court erred by misidentifying Wilmington Savings Fund Society FSB as the plaintiff in the order dated July 25, 2024, which provided that Larkins's motion to stay the judicial sale of the East Bowen property would be heard on an emergency basis. [2]

¶ 11    We lack jurisdiction to consider the claim.

¶ 12    This court has an independent duty to consider its jurisdiction as to Gaffney's appeal from the July 25, 2024, order. *Barnai v. Wal-Mart Stores, Inc.*, 2023 IL App (1st) 220900, ¶ 13. The Illinois Constitution confers on the appellate court jurisdiction to hear appeals from all final judgments entered in the circuit court. See Ill. Const. 1970, art. VI, § 6 (providing that appeals

---

[1] On September 27, 2024, plaintiff filed another motion for leave to file a late notice of appeal mentioning the orders of July 25, July 30, and September 23, 2024.

[2] Gaffney's notice of appeal also identifies the July 30, 2024, judgment staying the judicial sale as an order on appeal. However, she makes no argument regarding this order in her brief, and any challenge to that judgment is therefore forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017); *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶¶ 5-6 (plaintiff's contentions are forfeited when they fail to provide a cohesive legal argument or a reasoned basis).

"from final judgments of a Circuit Court are a matter of right to the Appellate Court"). "A final judgment is a determination by the court on the issues presented by the pleadings, which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Barnai*, 2023 IL App (1st) 220900, ¶ 15. The Constitution also grants the supreme court authority to "provide by rule for appeals to the Appellate Court from other than final judgments." (Internal quotation marks omitted.) *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. "Accordingly, absent a supreme court rule, the appellate court is without jurisdiction to review judgments, orders or decrees which are not final." *Id.*

¶ 13    "[A]n appeal from a final judgment order entails review of not only the final judgment order, but also any interlocutory orders that were a step in the procedural progression leading to the judgment." (Internal quotation marks omitted.) *Northbrook Bank & Trust Co. v. 2120 Div. LLC*, 2015 IL App (1st) 133426, ¶ 8. However, "a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. This is because a foreclosure judgment does not dispose of all issues between the parties, and it does not terminate the litigation. *Id.* Instead, the subsequent order confirming the judicial sale and directing distribution of the proceeds operates as the final and appealable order in a foreclosure case. *Id.*

¶ 14    Here, Gaffney is appealing an order setting the date for a hearing on an emergency motion to stay the final sale, which the court subsequently granted. However, nothing in the record on appeal reflects that the sale of the property has occurred, let alone that the circuit court entered an order approving the sale and directing the distribution. The last order in the record that is related to a judicial sale reflects that, on July 30, 2024, the court stayed the judicial sale until September

25, 2024. Thus, on this record, no sale has occurred. There is therefore no final and appealable order in this mortgage foreclosure action and Gaffney's appeal is premature. We have no jurisdiction to hear her appeal. Thus, the appeal is dismissed**.**

¶ 15    For the foregoing reasons, we dismiss Gaffney's appeal for lack of jurisdiction.

¶ 16    Dismissed.