2026 IL App (1st) 241352-U

No. 1-24-1352

April 27, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 14609 |
| | ) | |
| KIYAH LARKINS, GRETCHEN A. GAFFNEY, THE | ) | |
| BUDMAN BUILDING, LLC, UNKNOWN OWNERS | ) | |
| AND NON-RECORD CLAIMANTS, and NON- | ) | |
| OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | William B. Sullvan, |
| (Gretchen A. Gaffney, Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:  Defendant's appeal is dismissed for lack of jurisdiction.

¶ 2    Gretchen A. Gaffney appeals *pro se* from a trial court order dismissing her as a defendant in a foreclosure action. On appeal, Gaffney argues that the trial court erred in dismissing her, as she still had an interest in the subject property. We dismiss this appeal for lack of jurisdiction.

¶ 3    The record on appeal consists of one volume of the common law record, one volume of a supplemental record, and lacks any report of proceedings or substitute.

¶ 4    On December 18, 2019, Nationstar Mortgage LLC (Nationstar) filed a complaint to foreclose on a mortgage for a single-family residence at 713 East Bowen Avenue in Chicago (East Bowen property). The complaint identified Kiyah Larkins as the present owner and named as additional defendants Gaffney, The Budman Building, LLC, unknown owners and non-record claimants, and non-occupants.

¶ 5    On February 15, 2023, Nationstar filed a motion for summary judgment as to Larkins's default under the mortgage.

¶ 6    Following a hearing on May 1, 2024, the circuit court entered a judgment of foreclosure and sale in favor of Nationstar. It granted Nationstar's motion for summary judgment. Also on May 1, 2024, the court granted Nationstar's motion to dismiss Gaffney, The Budman Building, LLC, unknown owners and non-record claimants, and non-occupants as defendants, finding they had no further interest in the property. The court appointed The Judicial Sales Corporation as the selling agent for the property. On September 23, 2024, The Judicial Sales Corporation served the parties with notice that a public sale of the property would be held on October 28, 2024.

¶ 7    On June 28, 2024, Gaffney filed a motion for leave to file a late notice of appeal from the order of May 1, 2024, dismissing her as a party in the mortgage foreclosure action, which this court allowed on August 30, 2024.

¶ 8     On June 24, 2025, we dismissed Gaffney's appeal for lack of jurisdiction. *Nationstar Mortgage LLC v. Larkins*, 2025 IL App (1st) 241352-U. Specifically, we found that there was no final and appealable order in the mortgage foreclosure action and Gaffney's appeal from an order in the procedural progression to the nonfinal judgment was premature.

¶ 9     On July 15, 2025, Gaffney filed a petition for rehearing stating that on June 26, 2025, the circuit court entered a final order approving the judicial sale of the subject property. On February 2, 2026, we granted Gaffney's petition for rehearing and allowed her to supplement the record with the order approving final sale.

¶ 10     On its own motion, this court entered an order taking the appeal on the record and Gaffney's brief only, where no appellee brief was filed within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 11     On appeal, Gaffney contends that the trial court erred in dismissing her as a defendant because she still has an interest in the East Bowen property. She argues that a May 2011 deed transfer from Gaffney to "Random Properties Acquisition Corp, III," was never recorded, such that "there was no legal transfer of Gaffney's interest." Gaffney attached four exhibits to her brief, including, relevant here, documents that she titled in the appendix of her brief as "Gretchen Gaffney Title Insurance" and "Judicial Sales Deed for benefit of Random Properties Acquisition Corp, III."

¶ 12     This court has an independent duty to consider its jurisdiction as to Gaffney's appeal from the May 1, 2024, order. *Barnai v. Wal-Mart Stores, Inc.*, 2023 IL App (1st) 220900, ¶ 13. The

Illinois Constitution confers on the appellate court jurisdiction to hear appeals from all final judgments entered in the circuit court. See Ill. Const. 1970, art. VI, § 6 (providing that appeals "from final judgments of a Circuit Court are a matter of right to the Appellate Court").

¶ 13    "A final judgment is a determination by the court on the issues presented by the pleadings, which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Barnai*, 2023 IL App (1st) 220900, ¶ 15. The Constitution also grants the supreme court authority to "provide by rule for appeals to the Appellate Court from other than final judgments." (Internal quotation marks omitted.) *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. "Accordingly, absent a supreme court rule, the appellate court is without jurisdiction to review judgments, orders or decrees which are not final." *Id*. "[A] judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. This is because a foreclosure judgment does not dispose of all issues between the parties, and it does not terminate the litigation. *Id*. Instead, the subsequent order confirming the judicial sale and directing distribution of the proceeds operates as the final and appealable order in a foreclosure case. *Id*. " 'An appeal from a final judgment draws into issue all previous interlocutory orders that produced the final judgment.' [Citations.] 'Consequently, a court of review has jurisdiction to review an interlocutory order that constitutes a procedural step in the progression leading to the entry of the final judgment *from which an appeal has been taken*.' [Citation.]" (Emphasis added.) *JP Morgan Chase Bank, N.A. v. Bank of America, N.A.*, 2015 IL App (1st) 140428, ¶ 33.

¶ 14    We previously found that when Gaffney appealed the order dismissing her as a defendant, no sale of the property had occurred. Therefore, there was no final and appealable judgment, and

Gaffney's appeal from an order in the procedural progression to a final judgment was premature. Except in circumstances provided for by Illinois Supreme Court Rule, "when a notice of appeal is filed prematurely, subsequent disposition of relevant matters in the circuit court does not cure the jurisdictional defect. [Citations.] [Other than as provided by rule,] [f]uture resolution in the circuit court does not make a premature notice of appeal effective retroactively." *Rice v. Marathon Petroleum Corp.*, 2022 IL App (1st) 220155-U, ¶ 8, modified and superseded on other grounds on denial of rehearing, *Rice v. Marathon Petroleum Corp.*, 2022 IL App (1st) 220155-U, ¶ 17, *H.J. Russell & Co. v. Joiner*, 2015 IL App (1st) 133310-U, ¶ 16 ("even if a nonfinal order later becomes final, a court still lacks jurisdiction if the appeal was made while the order was not final").

> "Rule 303(a)(2) *** provides a savings provision for premature notices of appeal. 'When a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered.' Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017)." *In re Marriage of Frisz*, 2023 IL App (1st) 230505-U, ¶ 20.

¶ 15    However, Rule 303(a)(2) does not apply to "save" Gaffney's premature notice of appeal. "Although the rule recognizes the effectiveness of a premature notice of appeal once a 'claim' is resolved, the rule expressly applies only '[w]hen a timely postjudgment motion has been filed.' " (Emphasis omitted.) *Browne v. Browne*, 2021 IL App (1st) 181558-U, ¶ 35. "Because this case does not involve *** a postjudgment motion after the filing of a notice of appeal, Rule 303(a)(2) does not apply." (Emphasis omitted.) *Browne*, 2021 IL App (1st) 181558-U, ¶ 37, see Ill. S. Ct. R.

303, Committee Comments (adopted March 16, 2007) ("Note that under Subparagraph (a)(2), there is no need to file a second notice of appeal where the postjudgment order simply denies the appellant's postjudgment motion.").

¶ 16   Gaffney has not filed a motion for leave to file a late notice of appeal from the final order approving sale pursuant to Illinois Supreme Court Rule 303(d) (eff. July 1, 2017). *Supra*, ¶ 13 (citing *JP Morgan Chase Bank, N.A.*, 2015 IL App (1st) 140428, ¶ 33). "[T]he only jurisdictional step in appealing a final judgment of a circuit court in a civil case is the filing of the notice of appeal." *Echols v. Olsen*, 63 Ill. 2d 270, 275 (1976). "As an appellate court, we are without authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." (Internal quotation marks omitted.) *In re Marriage of Breslow*, 306 Ill. App. 3d 41, 53 (1999).

¶ 17   Nonetheless, had Gaffney timely filed a notice of appeal, the appeal would be dismissed as moot.

¶ 18   Whether an appeal is moot is a threshold question. See *Lakewood Nursing & Rehabilitation Center, LLC v. Department of Public Health*, 2015 IL App (3d) 140899, ¶ 17. "An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief." *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). "The existence of a real dispute is not a mere technicality but, rather, is a prerequisite to the exercise of this court's jurisdiction." *Id*. Where a reviewing court is not capable of granting any effectual relief to a party, the case is rendered moot. *In re Tekela*, 202 Ill. 2d 282, 292 (2002).

¶ 19    In cases involving property, an appeal is moot when the subject property "has already been conveyed to a third party" and the party seeking possession failed to obtain a stay. *Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 3. Where there is no stay of judgment pending appeal, Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) protects a third-party buyer from reversal or modification of a judgment regarding the subject property. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001). As such, the protections afforded to the nonparty purchaser of the subject property under Rule 305(k) prevent this court from providing any relief that would affect the disposition of the property.

¶ 20    Here, the record shows that the subject property was sold. Thus, whether Gaffney is entitled to possession of the property is moot. See *Circle Management, LLC v. Oliver*, 378 Ill. App. 3d 601, 607 (2007). We would therefore dismiss the appeal as moot.

¶ 21    For the foregoing reasons, we dismiss Gaffney's appeal for lack of jurisdiction.

¶ 22    Appeal dismissed.